**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | |
| TRAVIS BODENHAMMER, | : | 1:07-cr-00148-WCO-ECS-4 |
| | : | |
| Defendant. | : | |

**ORDER**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 [274] and the Final Report and Recommendation of Magistrate Judge E. Clayton Scofield [381].

On June 19, 2007, Petitioner, Travis Bodenhamer, was indicted on charges of (1) conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and (2) possession with intent to distribute at least five kilograms of cocaine. On June 19, 2008, Petitioner was sentenced to 120 months of imprisonment. Represented by counsel, Petitioner then filed a § 2255 motion raising only one issue: that his retained trial counsel provided "ineffective assistance . . . for advising [Petitioner] to plead guilty without raising a motion to suppress evidence." Petitioner asserts that had he received different advice, he would not have pled guilty and would have pursued a motion to suppress. The court determined that an evidentiary hearing was necessary to adjudicate the § 2255 motion, and the matter was referred to Magistrate Judge E. Clayton Scofield.

In his Report and Recommendation, Judge Scofield summarized the facts of Petitioner's arrest, which included the debriefing of one member of a cocaine ring who pointed to Petitioner's participation in the drug dealing. Three plain-clothes Drug Enforcement Agency agents then approached Petitioner and conversed with him in the parking lot of an insurance agency. Petitioner agreed to accompany the agents to answer questions about his recent trip to Atlanta. There were no coercive acts or statements made by the agents. Petitioner, however, testified at the evidentiary hearing that he felt he had no choice but to agree to the requests of the agents. Significantly, however, he never informed his retained criminal defense attorney that he did not feel he was free to leave.

Petitioner was interviewed in a room at the Valley International Airport. Again, there were no coercive acts or statements made by the agents. The agents brought food to Petitioner, and Petitioner was permitted to call his wife. This interview lasted almost seven hours, and Petitioner never asked to end the interview or leave.

DEA agents brought Petitioner's truck to the airport, and his briefcase was brought inside and his calendar removed. The DEA agents asked Petitioner to interpret the entries in the calendar. Petitioner did so and described in detail deliveries of cocaine noted therein. Petitioner also informed the DEA agents of additional proceeds and cocaine at his home. Petitioner later traveled with the DEA agents to his home and pointed out these items to the agents, who seized them. As a result of these meetings, Petitioner agreed to make controlled

2

deliveries of the cocaine stored at his home as he had planned. These deliveries resulted in additional arrests by the DEA agents.

A month later, Petitioner was indicted and retained as his counsel Philip Hilder, a Texas-based attorney who had been admitted to the bar for over 30 years and previously served as an Assistant United States Attorney.

During the evidentiary hearing, Mr. Hilder testified that because it was clear Petitioner had cooperated with the agents from the beginning, a motion to suppress would not be viable. Although Petitioner and his wife were focused on the fact that he had not been read his *Miranda* rights, Mr. Hilder explained to Petitioner that this would not help him in these circumstances. Mr. Hilder advised Petitioner that he should continue to cooperate so that he could argue for a "safety valve" provision at sentencing and seek a sentence that would be less than the mandatory ten year minimum.

Thereafter, the Government informed Petitioner and Mr. Hilder that it would not offer a cooperation agreement or recommend favorable treatment at sentencing because the Government determined Petitioner had withheld information about his brother's drug dealing during Petitioner's proffer sessions – dealing that continued after Petitioner was "cooperating." The Government believed that Petitioner's usefulness as a cooperating source or witness had been compromised.

3

Mr. Hilder and Petitioner met to determine what their strategy should be going forward. According to Mr. Hilder, Petitioner agreed to forego any suppression issue and instead argue for a variance or a downward departure. Indeed, at sentencing, over the Government's objection, the Honorable Beverly B. Martin found Petitioner satisfied the provisions of the "tell-all" requirement. She awarded Petitioner safety-value status under U.S.S.G. § 5C1.2, resulting in a two point reduction in his offense level and a three level reduction for acceptance of responsibility. Judge Martin determined that the guideline range was 135-168 months, and the Government requested a sentence within that range. Judge Martin, however, further departed downward under 18 U.S.C. § 3553 and imposed a 120 month sentence.

With respect to Petitioner's ineffective assistance of counsel claim, the Magistrate Judge found that Petitioner had proffered no evidence in the record to show that his counsel's performance was deficient. Mr. Hilder pursued a strategy to maximize the possibility of a lenient sentence by focusing on Petitioner's cooperation. Moreover, the strategy worked. At sentencing, Judge Martin referenced Petitioner's cooperation several times and chided the Government for denying Petitioner's cooperation.

Magistrate Judge Scofield also found that it was unlikely that any motion to suppress filed by Petitioner would be successful given the factual circumstances adduced at the evidentiary hearing. It was pure speculation on Petitioner's part that he would have been

4

successful on a motion to suppress and would have received a sentence of only 93 months computed without counting the 235 kilograms of cocaine shown in the ledger-calendar. As such, the Magistrate Judge determined that Petitioner could not show his counsel's allegedly deficient performance prejudiced him in any manner.

Petitioner filed no objections to the Report and Recommendation of the Magistrate Judge [381], and the court ADOPTS it as the ORDER of the court. The court DENIES Petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 [274].

The court agrees with the Magistrate Judge that Petitioner cannot demonstrate he has been denied a constitutional right or that the issue is reasonably debatable. Therefore, the court also DENIES Petitioner a certificate of appealability.

**IT IS SO ORDERED** this 16th day of July, 2014.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)